UNITED STATES DISTRICT COURT

FOR THE DISTRICT EASTERN OF WASHINGTON

| | |
|---|---|
| JOHNNIE CLINTON RITCHIE,<br><br>                    Petitioner,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security<br>Administration,<br><br>                    Respondent. | Case No. 2:12-cv-05037-LMB<br><br>**MEMORANDUM DECISION AND ORDER** |

This action is before the Court on Petitioner Johnnie C. Richie's Petition for Review (Dkt. 1), seeking reversal of the Social Security Administration's final decision to deny disability benefits, and the parties cross-motions for summary judgment. (Dkts. 14, 17).   This action is brought pursuant to 42 U.S.C. § 405(g).  After carefully reviewing the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order denying the relief sought in Ritchie's Petition for Review.

## ADMINISTRATIVE PROCEEDINGS

On April 3, 2009, Ritchie ("Petitioner" or "claimant") applied for Social Security Disability Insurance Benefits, alleging a disability onset date of March 15, 2009, when he was 39 years old.  (AR 126).  Administrative Law Judge ("ALJ") James W. Sherry conducted a hearing on January 12, 2011, in Kennewick, Washington.  At the hearing Petitioner was represented by attorney Randy Fair.  An impartial vocational expert, Deborah Lapoint, also appeared.  At the time of the hearing, Petitioner had past relevant work as a trained welder and a construction worker.

On February 11, 2011, the ALJ issued his decision denying Petitioner's claim for disability.  (AR 34-46).  Petitioner timely requested review by the Appeals Council, which ultimately upheld the determination of the ALJ on November 10, 2011, making the denial the final determination of the Commissioner. In denying Petitioner's claim, the Commissioner determined that Petitioner was not disabled within the meaning of the Social Security Act.

## DISCUSSION

### A.    Standard of Review

To be upheld, the Commissioner's decision must be supported by substantial evidence and based on proper legal standards.  42 U.S.C. § 405(g); *Matney ex. rel. Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990). Findings as to any question of fact, if supported by substantial evidence, are conclusive.  42 U.S.C. § 405(g).  In other words, if there is

substantial evidence to support the ALJ's factual decisions, they must be upheld, even when there is conflicting evidence. *Hall v. Sec'y of Health, Educ. & Welfare*, 602 F.2d 1372, 1374 (9th Cir. 1979).

"Substantial evidence" is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). The standard requires more than a scintilla but less than a preponderance, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir.1975); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989), and "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

With respect to questions of fact, the role of the Court is to review the record as a whole to determine whether it contains evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *See Richardson*, 402 U.S. at 401; *see also Matney*, 981 F.2d at 1019. The ALJ is responsible for determining credibility and resolving conflicts in medical testimony, *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984), resolving ambiguities, *see Vincent ex. rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984), and drawing inferences logically flowing from the evidence, *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). Where the evidence is susceptible to more than one rational interpretation in a disability proceeding, the reviewing court may not

substitute its judgment or interpretation of the record for that of the ALJ. *Flaten*, 44 F.3d at 1457; *Key v. Heckler*, 754 F.2d 1545, 1549 (9th Cir. 1985).

With respect to questions of law, the ALJ's decision must be based on proper legal standards and will be reversed for legal error. *Matney*, 981 F.2d at 1019. The ALJ's construction of the Social Security Act is entitled to deference if it has a reasonable basis in law. *See id.* However, reviewing federal courts "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute." *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987).

There are two issues presented in the instant appeal: 1) whether the AJL properly considered the medical evidence; 2) if the ALJ erred in not finding depression or a major depressive disorder as a severe impairment.

## B.    Administrative Procedure

In evaluating the evidence presented at an administrative hearing, the ALJ must follow a sequential process in determining whether a person is disabled in general (*see* 20 C.F.R. §§ 404.1520, 416.920) - or continues to be disabled (*see* 20 C.F.R. §§ 404.1594, 416.994) - within the meaning of the Social Security Act.

### 1.    Five-Step Sequential Process

The first step requires the ALJ to determine whether the claimant is engaged in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). SGA is defined as work activity that is both substantial and gainful. "Substantial work

MEMORANDUM DECISION AND ORDER - 4

activity" is work activity that involves doing significant physical or mental activities.  20

C.F.R. §§ 404.1572(a), 416.972(a).  "Gainful work activity" is work that is usually done

for pay or profit, whether or not a profit is realized.  20 C.F.R. §§ 404.1572(b),

416.972(b).  If the claimant has engaged in SGA, disability benefits are denied,

regardless of how severe his physical/mental impairments are and regardless of his age,

education, and work experience.  20 C.F.R. §§ 404.1520(b), 416.920(b).  If the claimant

is not engaged in SGA, the analysis proceeds to the second step.  Here, the ALJ found

that Petitioner had not engaged in SGA since March 15, 2009, the alleged onset date.

(AR 36).  Petitioner does not dispute this finding.

        The second step requires the ALJ to determine whether the claimant has a

medically determinable impairment, or combination of impairments, that is severe and

meets the duration requirement.  20 C.F.R. § 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  An

impairment or combination of impairments is "severe" within the meaning of the Social

Security Act if it significantly limits an individual's ability to perform basic work

activities.  20 C.F.R. §§ 404.1520(c), 416.920(c).  An impairment or combination of

impairments is "not severe" when medical and other evidence establish only a slight

abnormality or a combination of slight abnormalities that would have no more than a

minimal effect on an individual's ability to work.  20 C.F.R. §§ 404.1521, 416.921.  If the

claimant does not have a severe medically determinable impairment or combination of

impairments, disability benefits are denied.  20 C.F.R. §§ 404.1520(c), 416.920(c).

At this step, the ALJ found that Petitioner had the following severe impairments: dysthymic disorder; substance abuse (alcohol, marijuana, methamphetamine), and personality disorder. (AR 36).  Petitioner disputes this finding claiming that the ALJ committed reversible error in not finding that Petitioner suffered from a major depressive disorder.  (Petitioner's Brief, Dkt. 16 at 2-12).

The third step requires the ALJ to determine the medical severity of any impairments; that is, whether the claimant's impairments meet or equal a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the answer is yes, the claimant is considered disabled under the Social Security Act and benefits are awarded.  20 C.F.R. §§ 404.1520(d), 416.920(d).  If the claimant's impairments neither meet nor equal one of the listed impairments, the claimant's case cannot be resolved at step three and the evaluation proceeds to step four.  *Id*.

Here, the ALJ concluded that Ritchie "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments."  (AR 36).  Ritchie disagrees with this determination, arguing that his alleged major depressive disorder, either by itself, or in combination with his other disabilities equals a listed impairment.

The fourth step of the evaluation process requires the ALJ to determine whether the claimant's residual functional capacity ("RFC") is sufficient for the claimant to perform past relevant work.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  An

individual's RFC represents their ability to do physical and mental work activities on a

sustained basis despite limitations from his impairments.  20 C.F.R. §§ 404.1545,

416.945.  Likewise, an individual's past relevant work is work performed within the last

15 years or 15 years prior to the date that disability must be established; also, the work

must have lasted long enough for the claimant to learn to do the job and be engaged in

substantial gainful activity.  20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965.

After considering the evidence presented in the administrative record and at the

hearing, the ALJ determined here that the Petitioner has the residual functional capacity

to perform a full range of work at all exertional levels.  (AR 37-38).  The ALJ further

concluded that Petitioner is able to perform past relevant work as a welder, construction

work and material handler.  (AR 42-45).  The ALJ went further and found, upon

examination of the vocational expert, that Ritchie could perform the work of a

housekeeping cleaner, cafeteria attendant, and a canary worker. (AR 45).

Accordingly, the ALJ found that Ritchie has not been under a disability, as defined

by the act.

**B.    Analysis**

Petitioner seeks judicial review of the denial of benefits, arguing that the ALJ

erred in not finding that he suffered from a major depressive disorder. Specifically, he

claims that the ALJ wrongly discounted the opinion of Dr. Rubin, who provided two

DSHS evaluations.  Essentially, Ritchie claims that the ALJ's determination that he

suffered from dysthymic disorder was improper, because he actually suffered from a more severe depression.

In response, the government argues that the ALJ's determination is supported by substantial evidence in the record.  The government points out that dysthymic disorder is a form of chronic depression, which is consistent with the findings of Dr. Rubin and supported by ample record evidence. It further points out that when Ritchie followed treatment recommendations, he reported improved symptoms, going against a finding of a major depressive disorder.  Respondent concludes that the ALJ's conclusion was based on substantial evidence and should be affirmed

### 1.    Weight of Medical Evidence

In his application for benefits, Petitioner presented evidence Dr. Stephen Rubin, who found that Ritchie suffered from chronic depression.  Petitioner argues the ALJ improperly rejected the opinion of Dr. Rubin when he found that Petitioner was suffering only from dysthymic disorder and not severe depression.  Thus, Petitioner implicitly argues that the ALJ rejected Dr. Rubin's findings without providing adequate reasons.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining physicians). *See* 20 C.F.R. §§ 404.1502, 416.927; *see also Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  Generally, the opinions of treating physicians are given greater weight than those

of other physicians, as treating physicians have a greater opportunity to observe the claimant. *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996); *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

While a treating physician's opinion is normally entitled to deference, it is not necessarily determinant as to the question of disability. *Rodriguez v. Bowen*, 876 F.2d 759, 761–62 (9th Cir. 1989). A lack of objective medical findings, treatment notes, and rationale to support a treating physician's opinion are all sufficient reasons for rejecting an opinion. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

After reviewing the record and the files of Dr. Rubin, the Court finds, and thus concludes, that the ALJ gave the opinions of Dr. Rubin, who is considered an examining physician for these purposes, proper weight. The ALJ provided a thorough analysis of Petitioner's medical records including interpretation, weight given and adequate support for those decisions. The Court's own review of the record indicates that Ritchie was indeed suffering from chronic depression. However, the severity of the depression claimed by Petitioner and its limiting effects are not sufficiently supported by the record.

In assigning less weight to Dr. Rubin's second evaluation, the ALJ found that there is "no evidence of record suggesting the claimant's mental health condition had worsened." (AR 42). Rather, the ALJ stated that the record supported a finding that Ritchie's condition was improved, including an improved GAF score, which indicated "only moderate limitations in social, education, and occupational functioning." (Id.). Further, the Court's own review of the record indicates that Dr. Rubin consistently

diagnosed Ritchie with dysthymic disorder (AR 291 ("This is exactly what the diagnosis was 6 months ago.")), and that his depression improved with treatment (AR 287).

While the interpretation of Dr. Rubin's opinions are subject to varying interpretations, the ALJ's finding are reasonable and supported by the record.  Likewise, they are not subject to second-guessing by the Court.  *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

A court must uphold the determination of the commissioner if the findings are "supported by inferences reasonably drawn from the record."  *Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2004). This is the case here, even when there is "more than one rational interpretation" of the evidence.  *Id*.  Here, the ALJ properly supported his findings, including adequate consideration of all medical evidence.  Accordingly, the determination of the Commissioner will not be disturbed or overruled on this basis.

## C.    Conclusion

The Court concludes that the Commissioner's determination that Petitioner is not disabled within the meaning of the Social Security Act is supported by substantial evidence in the record and is based upon an application of proper legal standards. Accordingly, the Court will not substitute its interpretation or judgment for that of the ALJ in reaching his decision and the Commissioner's decision is upheld.

## ORDER

Based on the foregoing, Petitioner's Motion for Summary Judgment (Dkt. 14) is DENIED; Respondent's Motion for Summary Judgment (Dkt. 17) is GRANTED; and the decision of the Commissioner is affirmed and this action is dismissed in its entirety with prejudice.

DATED: January 3, 2014

Honorable Larry M. Boyle
U. S. Magistrate Judge